UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH MAYDAK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 00-0562 (EGS) |
| | ) | Document Nos. 10, 18 |
| U.S. DEPARTMENT OF JUSTICE et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**
MAR 2 6 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Pending before the Court are defendants' motion to sever and to dismiss the amended complaint with respect to claims brought by plaintiffs Gregory Smith and Paul Lee and the subsequently filed motion of defendant Bureau of Prisons ("BOP") to dismiss, or for summary judgment on, Count 25 (Paul Lee's claim).[1] Plaintiffs have opposed each motion. Upon review of the parties' submissions and the record pertaining thereto, the Court will grant in part and deny in part the motion to sever and will grant BOP's motion to dismiss plaintiff Lee's claim.[2]

---

[1] The named agency defendants are the Department of Justice and its components the Bureau of Prisons and Federal Bureau of Investigation; Department of Treasury; Department of State; and the Executive Office of the President, Office of Science and Technology Policy.

[2] In their motion to sever and to dismiss, defendants appear to seek severance of Smith's claims and dismissal of Lee's claim on the mistaken ground that he had not requested records under the FOIA. Because defendants conceded in their reply that Lee did file a FOIA request and subsequently filed the dispositive motion now under consideration, the initial motion to dismiss with respect to Lee appears to be superseded and will be denied as moot.



2

Motion to Sever

In this Freedom of Information Act case, plaintiffs Keith Maydak, Gregory Smith and Paul Lee, all federal prisoners at the time the complaint was filed, challenge defendants' responses to their separately filed FOIA requests. As defendants observe, all but four of the nearly 60 counts of the amended complaint concern only Maydak's FOIA requests to various agencies for information mostly about himself. Counts 8, 41 and 42 pertain to Smith's separate requests to the Drug Enforcement Administration and the Bureau of Prisons for records about himself and, as defendants have conceded, Count 25 pertains to Lee's request to the Bureau of Prisons for records pertaining to him. Because none of the plaintiffs' requests were made and processed jointly at the administrative level, the Court finds them to be separate, unrelated transactions and therefore finds joinder inappropriate. Defendants' motion to sever will be granted with respect to plaintiff Smith. With respect to plaintiff Lee, the Court finds that it lacks subject matter jurisdiction over his claim and therefore will dismiss his complaint pursuant to Rule 12 (h) (3) of the Federal Rules of Civil Procedure.

Count 25 (Paul Lee)

The Bureau of Prisons seeks dismissal of, or summary judgment on, Paul Lee's claim on the ground that it fails to state a claim. The Court finds it appropriate, however, to dismiss the claim for lack of subject matter jurisdiction because plaintiff has not exhausted administrative remedies. By request dated February 12, 1999, Lee sought an expunged incident report prepared while he was incarcerated at the Federal Correctional Institution at Beckley, West Virginia. By response letter of March 26, 1999, defendant notified plaintiff that it searched its files but did not locate responsive records. Plaintiff was advised that if he was "dissatisfied with this response,

3

specifically, the adequacy of the search, you may appeal . . . within 60 days of your receipt of this response. . . ." Defendant BOP's Exhibit C. It is undisputed that plaintiff Lee did not file an administrative appeal. Therefore, the Court lacks jurisdiction to entertain his claim. See Oglesby v. Department of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990) (if an agency responds to a FOIA request before a lawsuit is filed, "the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies.").

For the preceding reasons, plaintiff Gregory Smith's claims will be severed from this action and filed in a new civil action and plaintiff Paul Lee's claim will be dismissed. A separate Order accompanies this memorandum opinion.

Dated: 3/26/, 2001

EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAR 2 6 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KEITH MAYDAK, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 00-0562 (EGS)
) Document Nos. 10, 18
U.S. DEPARTMENT OF JUSTICE *et al.*, )
)
Defendants. )

## ORDER

For the reasons stated in the Memorandum Opinion issued this same day, it is

**ORDERED** that defendants' motion to sever the complaints of plaintiffs Gregory Smith and Paul Lee [# 10-1] is **GRANTED** in part and **DENIED** in part. Plaintiff Smith's complaint is hereby **SEVERED** and the Clerk is directed to assign a separate civil action number to the complaint without prepayment of fees. Defendants' motion to dismiss [#10-2] is **DENIED** as moot. It is

**FURTHER ORDERED** that within thirty (30) days from his receipt of notice of the new civil action number, plaintiff Gregory Smith shall file with the Clerk and serve on defendants' counsel an amended complaint setting forth his claims only. Plaintiff Smith's failure to comply with this Order will result in the dismissal of the new action. It is

**FURTHER ORDERED** that defendant Bureau of Prisons' motion to dismiss or for summary judgment with respect to Count 25 of the amended complaint [# 18] is **GRANTED** and




the complaint brought by plaintiff Paul Lee is **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Clerk shall terminate plaintiff Paul Lee from these proceedings.

Dated: 3/26/ , 2001

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

Notice to:

Keith Maydak
500 Lincoln Highway
N. Versailles, PA  15137

Paul Lee
R01650-097
P.O. Box 2500
White Deer, PA 17837

Gregory Smith
R15241-038
Ray Brook Federal Correctional
Institution
Saranac Unit
P.O. Box 9000
Ray Brook, NY 12977-9000

Plaintiffs *Pro Se*


Laura J. Weinstein
Assistant United States Attorney
555 4th Street N.W., 10th Floor
Washington, DC 20001

Counsel for Defendant



V-02440

1/3/01

CASE:
DOCUMENT:
DATE:
CLERK:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE #6, <u>et al.</u>, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> and <br><br> UNITED STATES SECRET SERVICE, <br><br> and <br><br> JOHN AND JANE DOES #101-150, <br><br> Defendants. | Civil No. 00-2440 EGS <br><br> **FILED** <br> MAR 2 6 2001 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

<u>ORDER</u>

Upon consideration of Defendants FBI and Secret Service's Unopposed Motion for Enlargement of Time, and of the entire record, and it appearing to the Court that the granting of defendants' motion, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, would be just and proper, it is by the Court this 26th day of March, 2001,

ORDERED that Defendants FBI and Secret Service's Unopposed Motion for Enlargement of Time be, and it is, granted, and it is further

ORDERED that the time within which defendants must file their reply to plaintiffs' opposition to defendants' dispositive



motion, and their opposition to plaintiffs' cross-motion for discovery, be, and it is, enlarged up to and including April 6, 2001.

_____
UNITED STATES DISTRICT JUDGE

For Defendants:

Marina Utgoff Braswell
Assistant United States Attorney
Judiciary Center, Room 10-413
555 - 4th Street, N.W.
Washington, D.C. 20001

For Plaintiffs:

Mr. Mark S. Zaid, Esq.
Lobel, Novins & Lamont
1275 K Street, N.W.
Suite 700
Washington, D.C. 20005