UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH MAYDAK,<br><br>   Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 00-0562 (RBW)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM

This matter, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000), is currently before the Court on the Internal Revenue Service's ("IRS") supplemental declaration in support of its renewed motion for summary judgment.[1] By Order of this Court on August 31, 2005, the IRS was directed to further explain its withholding of documents in their entirety under FOIA exemption 7(C). *See* Memorandum and Order ("Mem") at 2. In response, the IRS has proffered the Supplemental Declaration of William R. Korth ("Korth Supp. Decl."), who avers that upon further review of the withheld documents, the IRS has released some documents in their entirety and others with redactions. "The redactions consist of the names of third parties, including lower-level government personnel, and personal and financial information of third parties, that would directly identify those third parties to the plaintiff or could indirectly lead to the identification of those third parties by the plaintiff." *Id.* ¶ 4.

---

[1] The IRS, listed on the docket as a movant, is a component of defendant Department of Treasury ("DOT"). *See Maydak v. U.S. Dep't of Justice*, 254 F. Supp.2d 23, 49 (D.D.C. 2003) (Walton, J.) (plaintiff's claims against DOT "are directed to . . . the IRS").

      The applicability of exemption 7(C) to the IRS records was previously established by the defendants. *See* Mem. at 2; Memorandum Opinion of August 23, 2004 ("Mem. Op.") at 9. Plaintiff has not opposed the redaction of the third-party identifying information, which is consistent with his previous concession. *See* Mem. Op. at 9 (recognizing plaintiff's concession of the IRS's redaction of third-party identifying information). In the absence of a genuine issue of material fact with respect to the IRS's subsequent release of records, and based on the previous rulings with respect to the processing of IRS records, the Court concludes that the IRS has satisfied its obligations under the FOIA and is entitled to judgment as a matter of law.[2]

 

Date: August 21, 2006

_____s/_____
Reggie B. Walton
United States District Judge

---

[2] A separate Order accompanies this Memorandum.