UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH MAYDAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 00-0562 (RBW) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000), is currently before the Court on the Defendant's Motion for Partial Summary Judgment on Behalf of the United States Secret Service ("USSS" or "Secret Service") ("Def.'s Mot.").[1] Plaintiff cross moves for summary judgment and moves to voluntarily dismiss Count LVIII of the complaint. Based on the parties' submissions and the relevant parts of the record, including two published rulings by this Court, the Court will grant the Secret Service's motion for summary judgment and will deny plaintiff's cross-motion for summary judgment. In addition, Count LVIII of the complaint will be dismissed pursuant to Federal Rule of Civil Procedure 41(a).

I. BACKGROUND

By letter of March 10, 1998, plaintiff requested records from the Secret Service's Albany Field Office pertaining to himself. Specifically, plaintiff requested "all notes, files, memoranda,

---

[1] The USSS was originally named as a component of defendant Department of Treasury. *See Maydak v. U.S. Dep't of Justice*, 254 F. Supp.2d 23, 49 (D.D.C. 2003) (Walton, J.) (plaintiff's claims against the DOT "are directed to the United States Secret Service . . . and the IRS"). It has since become a part of the Department of Homeland Security ("DHS"). Pursuant to Federal Rule of Civil Procedure 19, the DHS will be added to this case as a party-defendant.

facsimiles, emails, lan messages, letters, complaints, interview forms, witness statements, or other documents that mention, relate, or pertain to myself." Statement of Material Facts Not in Dispute ("Def.'s Facts") ¶ 1. By letter of July 12, 1999, the Secret Service released 37 redacted pages of responsive records and withheld 18 pages in their entirety. *See* Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment by U.S. Secret Service ("Def.'s Reply") [Dkt. No. 220-1], Declaration of Barbara S. Riggs ¶ 5. The Secret Service withheld information under FOIA exemptions 2 and 7(C). Def.'s Mot., Exhibit ("Ex.") A., Declaration of Carlton D. Spriggs ("Spriggs Decl.") ¶¶ 27, 36. In addition, the Secret Service referred records to the Internal Revenue Service ("IRS"), the Executive Office for United States Attorneys ("EOUSA"), and the Bureau of Prisons ("BOP") for a direct response to plaintiff. *Id*. ¶¶ 18-20. Plaintiff challenges the Secret Service's search for records, its claimed exemptions, and the referrals.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issues of material fact are in dispute and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The FOIA requires a federal agency to release all records responsive to a request for production. The Court is authorized under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). When a complaint is filed by a requester with the Court, the agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C.

Cir. 1978), *cert. denied*, 445 U.S. 927 (1980) (internal citation and quotation omitted); *see also Maydak v. Department of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (government has the burden of proving each claimed FOIA exemption).  The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

## III. DISCUSSION

As an initial matter, plaintiff contends that the Secret Service has waived its defenses because it "failed to raise any reason to justify withholding records during the first round of summary judgment motions [and] did not respond to [his] erroneous summary judgment motion lodged against it."  Cross-Motion for Summary Judgment Against the United States Secret Service and Motion to Dismiss Count LVIII ("Pl.'s Cross-Mot.") [Dkt. No. 180] at 2.  He therefore asserts that "it must now release all materials except the names and identifiers of third parties."  *Id*.  The Court previously rejected this argument in resolving other motions in this case. *See Maydak v. Dep't of Justice*, 362 F. Supp.2d 316, 319 (D.D.C. 2005) (Walton, J.) (denying plaintiff's motion to strike the BOP's defenses).  Because, as with the BOP's motion, plaintiff has "had ample opportunity to respond" to the Secret Service's claims in "the original district court proceedings," *id*., the Court finds such extraordinary relief not only unwarranted but also inconsistent with the strong presumption in favor of adjudicating cases on the merits.  *See Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995) (citing cases).

*Withheld Records*

The Secret Service redacted "special agent identification numbers" under exemption 2, claiming that they are solely internal.  Spriggs Decl. ¶ 28.  Plaintiff does not oppose these redactions, *see* Pl.'s Cross-Mot. at 4, which the Secret Service has properly justified.  *Cf. Maydak*, 254 F. Supp.2d at 35-36 (approving the withholding of internal codes pursuant to exemption 2).

The Secret Service redacted the names and other identifying information of special agents and other law enforcement personnel, Spriggs Decl. ¶¶ 32-33, as well as the "names, addresses, brokerage account information, and information concerning possible criminal activity engaged in by [] third parties." *Id*. ¶ 34.  Plaintiff challenges only the redaction of the brokerage account information and information pertaining to criminal activity.  Pl.'s Cross-Mot at 4.  In reply, the Secret Service released the "brokerage account information and information concerning possible criminal activity engaged in by third parties that were previously redacted."  Def.'s Reply at 5 (citing Revised Ex. 14); *see also* Ex. 28 (*Vaughn* index[2]).  Plaintiff has not challenged this subsequent release of information and therefore has conceded what is now a moot issue.

Plaintiff challenges the Secret Service's withholding of 18 pages of information in their entirety under exemption 7(C).  FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information" would cause one of six enumerated harms.  5 U.S.C. § 552(b)(7)(A)-(F).  Exemption 7 requires an agency to prove first that the withheld records were compiled for law enforcement purposes "before . . . withhold[ing] requested documents on the basis of any of [this exemption's] subparts." *Maydak*, 254 F. Supp.2d at 38 (quoting *Pratt v. Webster*, 673 F.2d 408, 416 (D.C. Cir. 1982)).  It is undisputed that the records at issue "are part

---

[2]   *See Vaughn v. Rosen*, 484 F.2d at 820, 827 (D.C. Cir. 1973).

of a Secret Service criminal investigative file concerning [plaintiff's] use of fraudulent access device applications, unauthorized telecommunications access devices, and money laundering." Spriggs Decl. ¶ 23. The threshold requirement of law enforcement records is therefore satisfied.

Exemption 7(C) protects information contained in law enforcement files that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The United States Court of Appeals for the District of Columbia Circuit has limited the protective scope of exemption 7(C) "ordinarily" to "the specific information to which it applies [*i.e.*, names, addresses and other identifying information], [but] not the entire page or document in which the information appears[.]" *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). Citing *Mays*, plaintiff asserts that the Secret Service "fails to explain why it could not simply redact the names of the third parties and other personal identifiers as the FBI has now done in this case." Pl.'s Cross-Mot. at 5.

When responsive documents are withheld in their entirety, this Court has an "affirmative duty" to consider whether non-exempt information could have been segregated from exempt information and released. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027 (D.C. Cir. 1999) (internal citations omitted). The Secret Service avers that the withheld pages "pertain solely to a third party." Riggs Decl. ¶ 10; Spriggs Decl. ¶ 36. The records therefore "do not appear to be responsive" to plaintiff's request for first-party records. Riggs Decl. ¶ 10. In any event, Riggs avers that "each of the eighteen pages of material . . . has been carefully evaluated, and I have determined that no releaseable material can be reasonably segregated from these pages. Riggs Decl. ¶ 12. Specifically, Riggs contends that "i]f the information concerning [] third parties were redacted from certain documents, the only remaining information on the pages would be completely meaningless, or

nothing but a blank form." *Id*. ¶ 11. *Mays* permits the withholding of entire documents when, as shown here, the "'exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would . . . produce an edited document with little informational value.'" *Mays*, 234 F.3d at 1327 (quoting *Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)).

Based on the record now before the Court, defendant has provided adequate justification for withholding the 18 pages of material in their entirety, and the issue pertaining to the redacted pages is moot. The Secret Service is therefore entitled to summary judgment as to the information which has been withheld.

*Adequacy of the Search*

In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *International Trade Overseas, Inc. v. Agency for International Development*, 688 F. Supp. 33, 36 (D.D.C. 1988) (citing *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The agency to which a FOIA request is submitted is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *International Trade Overseas, Inc.*, 688 F. Supp. at 36 (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). Summary

6

judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Id*. (citing *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

Plaintiff asserts that the Spriggs declaration is inadequate because it fails to "verify that [the Secret Service] searched for all [material listed in his request]." Pl.'s Cross-Mot. at 3. He baldly asserts that "it is common knowledge that documents may exist in the individual agents' files or computers." *Id*. Plaintiff did not identify in his request to the agency specific filing systems or locations to be searched. Spriggs therefore had no reason to "verify" such a search. "When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return; in other words, the agency generally need not search every record system." *Campbell v. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998) (citing *Oglesby*, 920 F.2d at 68). The Spriggs declaration is adequate because, as discussed next, it explains the system of records searched, the search terms, and the scope of the search. *See Dorsett v. United States Dep't of the Treasury*, 307 F. Supp.2d 28, 33 (D.D.C. 2004) (Walton, J.). Whether it is sufficient to support a finding of a reasonable search is a separate question the Court will next address.

Plaintiff challenges the search because "the Secret Service failed to demonstrate that it conducted a search of files other than the MCI [Master Central Index]." Pl.'s Cross-Mot. at 3. According to Spriggs, the MCI system is an on-line computer system used by all Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications." Spriggs Decl. ¶ 8. It contains information about "cases and subjects of record in investigative, protective, and administrative files." *Id*. Individuals are

7

indexed by name, social security number, and/or birth date. *Id*. The Secret Service conducted a search of plaintiff's request using his name, birth date and social security number. *Id*. ¶ 7.

While plaintiff asserts correctly that the Secret Service has not averred "that the MCI system would be the only place records are located," Pl.'s Cross-Mot. at 3, this omission alone does not defeat the Secret Service's claim of an adequate search under the cumulative circumstances presented here. First, this Court has previously found a search of the Secret Service's MCI system sufficient. *See* Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment by U.S. Secret Service at 4 (citing cases). Second, as stated above, plaintiff did not specifically request whcih files should be searched. Third, plaintiff has not pointed to anything in the record that raises a genuine issue of material fact as to whether the Secret Service failed "to follow through on obvious leads" in the retrieved records– *e.g.*, references to a tickler file that would have reasonably warranted a further search of the agents' personal files. *Valencia-Lucena*, 180 F.3d at 325 (citation omitted); *Campbell*, 164 F.3d at 28. Fourth, plaintiff has not suggested that the search should have located a particular record or category of records. *Cf., e.g., Valencia-Lucena*, 180 F.3d at 328 ("The undisputed connection between the missing logbook and Lieutenant Nesel should have led the Coast Guard to inquire of him as a source"). In other words, unlike the requesters in *Campbell* and *Valencia-Lucena,* plaintiff has not "established a sufficient predicate to justify" a broader search. *Campbell*, 164 F.3d at 28. Nor has plaintiff presented any facts to raise a "substantial doubt" about the adequacy of the search that was performed. Accordingly, the Secret Service is entitled to judgment as a matter of law with respect to its search for responsive records.

*Referred Records*

The Secret Service referred records to the IRS, EOUSA and BOP for processing and a direct response to plaintiff. Plaintiff challenges the Secret Service's referral of the records because "the Secret Service neither attempts to justify [in its summary judgment motion] the withholding[s] nor the applicability of exemptions to [the withheld] documents." Pl.'s Cross-Mot. at 4. The issue raised by defendant's referral is "whether the 'referral procedure result[ed] in the improper withholding . . . of [d]ocuments[.]'" *Maydak*, 254 F. Supp. 2d at 40 (citing *Peralta v. United States Attorney's Office*, 136 F.3d 169, 175 (D.C. Cir. 1998) (citing 5 U.S.C. § 552 (a)(4)(B))). Although the agency to which a FOIA request is made is ultimately responsible for providing responsive records, it may comply with the FOIA by consulting with the agency or agency component from which the records originated on the applicability of exemptions. *See Maydak*, 254 F. Supp.2d at 40. If the latter agency then releases the referred records to the requester, the referring agency is not obligated under the FOIA to release the same records. *See Dorsett*, 307 F. Supp.2d at 33 (citing *Crooker v. United States State Dep't*, 628 F.2d 9, 10, 11 (D.C. Cir. 1980)).

The IRS released to plaintiff unredacted copies of the records it had received on referral from the Secret Service, *see Maydak*, 254 F. Supp.2d at 50, n.13; Spriggs Decl. ¶ 18 and Ex. 8, as did the EOUSA, Riggs Decl. ¶¶ 3, 8; Def.'s Revised Ex. 14. The BOP released the referred records with only the name of a third-party individual redacted pursuant to exemption 7(C). Riggs Decl. ¶ 4 and Exs. 26, 27.

Because the referred records have been released with the one properly justified redaction, *see supra* at 5, the Court finds no impropriety arising from the Secret Service's referral of records and, thus, there has been no improper withholding of responsive records.

IV.  CONCLUSION

For the preceding reasons, the Secret Service's motion for summary judgment is granted, plaintiff's cross-motion for summary judgment is denied, and plaintiff's motion to dismiss Count LVIII of the complaint is granted.[3]

_____s/_____
Reggie B. Walton
United States District Judge

Date: August 21, 2006

---

[3]  A separate Order accompanies this Memorandum Opinion.