UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEITH MAYDAK, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 00-0562 (RBW) |
| U.S. DEPARTMENT OF JUSTICE *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court in what remains of this lengthy case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000), is the Federal Bureau of Prisons' Second Renewed Motion for Summary Judgment, for Reconsideration and for Entry of Final Judgment Upon Resolution of These Motions. In addition, the plaintiff has moved for an award of fees and for written findings pursuant to 5 U.S.C. § 552(a)(4)(F). For the following reasons, the Court will deny the Bureau of Prisons' ("BOP") motion to reconsider, grant its unopposed motion for summary judgment and deny the plaintiff's motion for fees and written findings.

1. The BOP's Motion for Summary Judgment, Reconsideration and Entry of Final Judgment

The BOP seeks reconsideration of the entry of judgment for the plaintiff on Count 49 of the amended complaint based on "corrected information" concerning its search for responsive records. Federal Bureau of Prisons' Memorandum of Points and Authorities in Support of its Second Renewed Motion for Summary Judgment, for Reconsideration and for Entry of Final Judgment Upon Resolution of These Motions ("BOP's Mem.") at 31. But, as to this Count, the Court awarded judgment to the plaintiff only on the BOP's claimed FOIA exemptions. *See*

Memorandum Opinion of March, 30, 2005 [Dkt. No. 213] at 13 (finding judgment warranted where the BOP failed to refute the "plaintiff's assertion that it has failed to satisfy its burden of justifying its redactions"). The BOP has provided no evidence to warrant reconsideration of that decision. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (motions to reconsider may be granted upon a showing of "an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice"). Its motion to reconsider therefore is denied.

By Order of July 31, 2008, the plaintiff was advised to respond to the BOP's dispositive motion by September 4, 2008, or risk entry of judgment based on what the Court would treat as a conceded summary judgment motion. The plaintiff has neither responded to the motion nor sought additional time to do so. The Court therefore will grant the defendants' renewed motion for summary judgment as conceded and that will finally bring this case to an end. *See In re Miller*, 2004 WL 963819 *1 (D.C. Cir., May 4, 2004) (In managing its docket, "the court may choose to . . . resolve the motion for summary judgment on the merits without an opposition . . . or [] treat summary judgment as conceded.") (citation omitted).

## 2. The Plaintiff's Motion for Fees and Written Findings[1]

The plaintiff's request for "fees" fails because *pro se* parties are not entitled to attorney's

---

[1] The FOIA provides:

> Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.

5 U.S.C.. § 552 (a)(4)(F)(i).

fees.  *Burka v. United States Dep't of Health and Human Services*, 142 F.3d 1286, 1288 (D.C. Cir. 1998).  In addition to attorney's fees, however, the FOIA permits a district court to "assess against the United States . . . other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  "[A] complainant has substantially prevailed if [he] has obtained relief through either–(I) a judicial order . . . or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii).

The BOP acknowledges that the Court granted partial judgment to the plaintiff and directed the release of BOP records by Orders of March 29, 2005 and March 30, 2005.[2]  Defendant's Reply to Plaintiff's Response to the Court's August 21, 2007 Order to Show Cause and Opposition to Motions for Award of Fees and Pursuant to 5 U.S.C. § 552(a)(4)(F) to Make Findings of Substantial Questions ("Def.'s Reply") [Dkt. No. 239] at 2.  However, it dismisses the compelled releases as a "*de minimis* volume of records." *Id*.  *But see Judicial Watch, Inc.*, 522 F.3d 364, 370 (D.C. Cir. 2008) ("As we have held time and again, orders [directing the release of requested records], even when voluntarily agreed to by the government, are sufficient to make plaintiffs eligible for attorneys' fees under FOIA.").

Assuming, then, that plaintiff is eligible to recover his litigation costs because he has substantially prevailed by being "'awarded some relief by [a] court,'" *id*. (*quoting Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 603 (2001)), the Court nonetheless finds that the plaintiff has not shown that he is entitled to recover costs.  *See Judicial Watch, Inc.,* 522 F.3d at 371 ("To obtain [] fees, the [plaintiff] must

---

[2]  It also acknowledges the Order of August 23, 2004, which in part directed the release of records maintained by the Executive Office for United States Attorneys, but the Court subsequently vacated that part of the order.  *See* Order (Jan. 5, 2005) [Dkt. No. 205]. Thus, the only relief awarded to the plaintiff was against the BOP.

3

first demonstrate that [he] is entitled to them.") (citation and internal quotation marks omitted). In determining the plaintiff's entitlement to recover costs, the Court must consider "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding." *Id.* (*quoting Tax Analysts v. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992) (internal quotation marks omitted). "The sifting of [these] criteria over the facts of a case is a matter of district court discretion." *Tax Analysts*, 965 F.2d at 1094.

The plaintiff requested various records pertaining to himself and matters affecting his detention. *See* Memorandum Opinion (Mar. 24, 2003) [Dkt. No. 129] at 5 ("At issue are plaintiff's 38 FOIA requests to the BOP for information pertaining to himself, and a hosts of events related to the conditions of his confinement."). The voluminous record supports the BOP's assertion that the plaintiff is the only beneficiary of the released records, Def.'s Reply at 4, thereby negating the first element of the fee entitlement test – a public benefit. *See Fenster v. Brown*, 617 F.2d 740, 743-44 (D.C. Cir. 1979) ("The FOIA was fundamentally designed to inform the public and not to benefit private litigants."); *Horsehead Industries, Inc. v. U.S. E.P.A.*, 999 F.Supp. 59, 68 (D.D.C. 1998) ("To gauge [public] benefit, the Court considers, with reference to the specific documents at issue in the case at hand, whether plaintiffs' victory is likely to add to the fund of information that citizens may use in making vital political choice.") (*citing Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995)). The second and third factors weigh against plaintiff as well because a fee award is "generally inappropriate" where disclosure of information is sought for personal or private commercial benefit. *Tax Analysts*, 965 F.2d at 1095 (*citing Fenster*, 617 F.2d at 743) (other citation omitted). Nothing warrants an exception here.

Although none of the foregoing four factors is solely dispositive, the "failure to satisfy the fourth element [of an unreasonable withholding] may foreclose a claim for attorney fees" or costs.  *Summers v. U.S. Dep't of Justice*, 477 F. Supp.2d 56, 63 (D.D.C. 2007) (*citing Chesapeake Bay Found.*, 11 F.3d 211, 216-17 (D.C. Cir. 1993)).  Under the fourth factor, consideration is given to whether the "government had a reasonable basis in law for concluding that the information in issue was exempt and that it had not been recalcitrant or otherwise engaged in obdurate behavior." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1498 (D.C. Cir. 1984) (internal citation and quotation marks omitted); *see Tax Analysts*, 965 F.2d at 1097 ("factor is intended to weed out those cases in which the government was recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior") (citation and internal quotation marks omitted); *Nationwide Bldg. Maintenance, Inc. v. Sampson,* 559 F.2d 704, 712 n.34 (D.C. Cir. 1977) ("[I]f the government only establishes that it had a reasonable basis in law for resisting disclosure it may be proper to deny a FOIA plaintiff's motion for attorney fees unless other factors affirmatively justify such an award.").

Although the plaintiff obtained two orders compelling the release of BOP records, the BOP rightly asserts that the orders resulted from its inability to satisfy its evidentiary burden with respect to reasonably asserted exemptions, rather than from evidence of agency recalcitrance or bad faith.  *See* Mem. Op. of March 29, 2005 at 5 (finding inmate request forms located among 78 pages of deliberative process material excisable from pages properly withheld under FOIA exemption 5); March 30, 2005 [Dkt. No. 213] at 4-6 (rejecting reliance on BOP policy to withhold psychological testing data under exemptions 2 and 7(F), but finding possible merit in BOP's reasoning).  The Court therefore declines to assess litigation costs against the United States, and accordingly there is no basis to grant the plaintiff's request for written findings.  *See* 5

U.S.C. § 552(a)(4)(F)(i) (issuance of written findings conditioned upon the production of improperly withheld records and the assessment of fees or costs).

      For the foregoing reasons, the Court grants the BOP's motion for summary judgment and for entry of final judgment, denies its motion to reconsider, and denies the plaintiff's motion for fees and written findings.[3]

                                                                _____s/_____
                                                                Reggie B. Walton
                                                                United States District Judge

Date: September 29, 2008

---

[3] A separate final order accompanies this Memorandum Opinion.